IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


LONNIE IRVAN SLOAN,

        Appellant,

 v.                                  Case No.  5D17-1882

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed June 22, 2018

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

James S. Purdy, Public Defender, and
Nicole Joanne Martingano, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Appellant was convicted, after a jury trial, of aggravated assault of a law

enforcement officer, resisting a law enforcement officer with violence, battery on a law

enforcement officer, possession of burglary tools, and carrying a concealed weapon.  On

appeal, he challenges only the possession of burglary tools conviction.  He contends that

the trial court should have granted his motion for judgment of acquittal on that charge. We agree.

To prove the crime of possession of burglary tools,[1] the State is required to prove that the defendant (1) intended to commit a burglary or trespass, (2) had in his possession a tool or implement that he intended to use, or allow to be used, in the commission of the burglary or trespass, and (3) did some overt act toward the commission of a burglary or trespass.  *See Thomas v. State*, 531 So. 2d 708, 709-10 (Fla. 1988).

Here, the State failed to present evidence that Appellant committed a burglary or trespass, attempted to commit a burglary or trespass, or otherwise did some overt act toward the commission of a burglary or trespass.  Accordingly, it was error for the trial court to deny Appellant's motion.  On remand, the trial court is directed to vacate Appellant's possession of burglary tools conviction and to resentence him accordingly.

REVERSED and REMANDED.

COHEN, C.J. and TORPY and EVANDER, JJ., concur.

---

[1] "Possession of burglary tools.—Whoever has in his or her possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony of the third degree . . . ." § 810.06, Fla. Stat. (2016).